UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                              :
                                                    :
CHITTUR & ASSOCIATES, PC,                           :
                 Debtor.                  :
-------------------------------------------------------- :
CHITTUR & ASSOCIATES, PC,                           :     **OPINION AND ORDER**
                 Appellant,               :
                                                    :     17 CV 433 (VB)
v.                                                  :
                                                    :
APF MAD 286 LLC, GAN 286 MADISON                    :
LLC, and 286 MADISON ASSOCIATES                     :
LLC,                                                :
                 Appellees.               :
--------------------------------------------------------------x

Briccetti, J.:

       Debtor-appellant Chittur & Associates, PC ("Chittur PC"), appeals from orders of the United States Bankruptcy Court for the Southern District of New York (Drain, J.) (i) granting the motion of creditor-appellees APF MAD 286 LLC, GAN 286 MADISON LLC, and 286 Madison Associates LLC (collectively, "APF"), for an order pursuant to 11 U.S.C. § 362(d) granting APF limited relief from the automatic stay; and (ii) denying Chittur PC's motion for reargument.

       Also pending before the Court are the parties' cross-motions for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011. (Docs. ##28, 29).

       For the reasons set forth below, the Bankruptcy Court's orders are AFFIRMED and the parties' cross-motions for sanctions are DENIED.

       The Court has subject matter jurisdiction over Chittur PC's appeal pursuant to 28 U.S.C. § 158(a). See also In re Chateaugay Corp., 880 F.2d 1509, 1511 (2d Cir. 1989) (orders lifting the automatic stay are deemed final and appealable under 28 U.S.C. § 158(a)).

1

The Court has subject matter jurisdiction over the parties' cross-motions for sanctions pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

I. Factual Background

APF is the owner and landlord of a commercial office building located at 286 Madison Avenue in New York City. Chittur PC, a two-attorney law practice, is a former tenant at 286 Madison Avenue, pursuant to a commercial lease agreement dated April 10, 2007.

Chittur PC's lease was for a five-year term that expired on April 30, 2012. After the lease expired, Chittur PC remained at 286 Madison Avenue as a month-to-month tenant pursuant to Article 53 of the lease. Beginning in March 2012, Chittur PC stopped paying complete rent, and it paid no rent thereafter for approximately fifteen months. APF terminated Chittur PC's month-to-month tenancy by written notice effective November 30, 2012. Chittur PC did not vacate the premises, however, until on or about June 30, 2013.

A. Landlord/Tenant Proceeding

On December 3, 2012, APF commenced a holdover summary proceeding against Chittur PC in the Civil Court of the City of New York (the "L&T Proceeding"), seeking to evict Chittur PC from 286 Madison Avenue and holdover damages. By decision and order dated May 31, 2013 (the "L&T Summary Judgment Order"), the Civil Court awarded APF summary judgment for possession of the premises Chittur PC occupied, and ordered a hearing to determine the rent arrears, use and occupancy charges, and attorneys' fees and expenses owed by Chittur PC to APF under the terms of the lease.

Following a hearing and the parties' submission of post-hearing briefs, the Civil Court issued a decision and order on January 15, 2014, finding Chittur PC had failed to pay its

complete rent in March 2012 and that it failed to pay rent, use and occupancy, and additional rent until it paid use and occupancy in January 2013 through June 2013. The Civil Court awarded APF a judgment of $142,841.16, comprised of $77,755.35 for rent and use and occupancy charges, and $65,085.81 for attorneys' fees and costs. On February 10, 2014, the Civil Court issued a supplemental decision and order, amending APF's money judgment to add $14,761.88 in interest, for a total judgment amount of $157,603.04 (the "L&T Judgment"). The clerk of the Civil Court entered the L&T Judgment on February 25, 2014.

Around March 3, 2014, Chittur PC appealed the L&T Judgment and each of the Civil Court's underlying orders. Around the same time, Chittur PC deposited with the Civil Court an undertaking in the amount of $157,603.04 to obtain a stay of enforcement of the L&T Judgment pending its appeal pursuant to Section 5519(a)(2) of the New York Civil Practice Law and Rules ("CPLR"). The clerk of the Civil Court subsequently transferred Chittur PC's undertaking to the New York City Department of Finance to be held pending a court order for its release pursuant to CPLR Section 2601(b)–(d).

By decision and order dated January 4, 2016, the Appellate Term, First Department, of the New York State Supreme Court, affirmed the L&T Judgment.

On March 1, 2016, the Appellate Term denied Chittur PC's motion for permission to appeal the L&T Judgment to the Appellate Division, First Department.

On May 24, 2016, Chittur PC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

On June 2, 2016, the Appellate Division, First Department, denied Chittur PC's motion for leave to appeal the L&T Judgment to the Appellate Division. At the time of that decision, Chittur PC's motion had been fully briefed and pending before the Appellate Division for

3

approximately two months. Neither Chittur PC nor APF had informed the Appellate Division of Chittur PC's bankruptcy filing.

B. Guarantee Proceeding

Before commencing the L&T Proceeding, on October 4, 2012, APF filed an action in Supreme Court, New York County, against Krishnan Chittur, Chittur PC's owner and principal, to recover under Mr. Chittur's personal guarantee of the parties' lease agreement (the "Guarantee Proceeding").

By order dated May 7, 2015, the Supreme Court granted summary judgment in favor of APF in the amount of $157,603.04, together with interest and attorneys' fees. On January 14, 2016, after a hearing to determine the amount of attorneys' fees owed by Mr. Chittur to APF, the clerk entered a money judgment in favor of APF and against Mr. Chittur in the total amount of $246,529.30 (the "Guarantee Judgment"). Meanwhile, on October 29, 2015, the Appellate Division, First Department, affirmed the order granting summary judgment, and on March 31, 2016, the New York Court of Appeals denied Mr. Chittur's motion for leave to appeal.

Neither Chittur PC nor Mr. Chittur paid any portion of the L&T Judgment or the Guarantee Judgment to APF prior to the Bankruptcy Court's granting of APF's lift stay motion.

II. The Bankruptcy Court's Decision

On June 22, 2016, APF moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) in Chittur PC's bankruptcy proceeding seeking to (i) annul the automatic stay nunc pro tunc to validate the order entered by the Appellate Division in the L&T Proceeding on June 2, 2016, which denied Chittur PC's motion for leave to appeal the L&T Judgment; (ii) permit APF to collect Chittur PC's undertaking on deposit with the Department of Finance; and (iii) allow a hearing in the Civil Court to go forward in the L&T Proceeding to determine the

amount of additional legal fees and expenses Chittur PC owed APF under the lease. Chittur PC opposed APF's motion, and moved for an order directing the Department of Finance to release the undertaking to Chittur PC.

The Bankruptcy Court heard oral argument on the parties' motions on August 12, 2016, and ordered additional briefing on the issues of (i) whether the undertaking was property of Chittur PC's bankruptcy estate; (ii) the extent to which APF had an interest in the undertaking; and (iii) the implications of a post-petition transfer or release of the undertaking to APF.

By Order dated September 19, 2016, the Bankruptcy Court granted APF's motion to lift the automatic stay retroactively, except that it denied APF's request to lift the stay to allow the L&T Proceeding to go forward in Civil Court to determine the amount of legal fees and expenses Chittur PC owed APF. The Bankruptcy Court denied Chittur PC's motion in its entirety. On October 4, 2016, the Bankruptcy Court denied Chittur PC's motion for reargument.

At a hearing held on September 13, 2016, the Bankruptcy Court explained its conclusion that, as an initial matter, APF had an interest in the undertaking that exceeded the rights of a general unsecured creditor. Moreover, the Bankruptcy Court rejected Chittur PC's argument that APF's interest was governed by the New York Uniform Commercial Code's ("UCC") provisions dealing with liens on cash, because APF's interest in the undertaking was established by a statutory scheme set forth in the CPLR. Under the CPLR, the undertaking was held by the Department of Finance for the benefit of a specific party—APF—in the event that Chittur PC went through the entire appeal process without obtaining a reversal of the underlying judgment or other relief.

The Bankruptcy Court then noted that although actions taken in violation of the automatic stay are void, "courts have repeatedly recognized that under appropriate

circumstances, relief from the automatic stay can be granted nunc pro tunc"—that is, retroactively—effectively rendering actions taken in violation of the automatic stay voidable. (RA 212). The Bankruptcy Court observed that the party benefitting from the action that violated the automatic stay had the burden of justifying retroactive relief from the stay, and concluded APF had met that burden.

In reaching its decision, the Bankruptcy Court considered the relevant factors set forth in Chimera Capital, L.P. v. Nisselson (In re MarketXT Holdings, Corp.), 428 B.R. 579, 585–89 (S.D.N.Y. 2010) ("MarketXT"), and Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285–88 (2d Cir. 1990) ("Sonnax"), which courts weigh in determining whether to grant relief from the automatic stay.

First, the Bankruptcy Court rejected APF's argument that Chittur PC had acted in bad faith. The Bankruptcy Court then concluded Chittur PC's interest in the undertaking was a contingent reversionary interest. It further noted that if the Bankruptcy Court granted APF stay relief, Chittur PC would no longer have any equity in the undertaking, and, accordingly, it would no longer be property of Chittur PC's bankruptcy estate. Next, the Bankruptcy Court rejected Chittur PC's argument that the undertaking was necessary for an effective reorganization, because Chittur PC would have to provide APF with adequate protection in order to use the funds on deposit with the Department of Finance in its reorganization.

The Bankruptcy Court then stated the most important and relevant factor in this case was whether grounds for relief from the stay existed, and a motion for relief, if filed, would likely have been granted prior to the automatic stay violation. The Bankruptcy Court concluded if such a motion had been filed before the Appellate Division issued its decision, it would have granted the requested relief because there would have been no reason for the Bankruptcy Court to intrude

6

in the state court appellate process since the appeal had been fully briefed and the Appellate Division was poised to rule.

Finally, the Bankruptcy Court found the failure to grant retroactive relief would cause unnecessary expense to the creditor. The Bankruptcy Court also concluded the last factor—whether the creditor had detrimentally changed its position on the basis of the action taken—did not apply since APF had not detrimentally changed its position on the basis of the Appellate Division's ruling.

Having found APF had an interest in the undertaking that was entitled to adequate protection, and that the relevant MarketXT and Sonnax factors supported APF's motion, the Bankruptcy Court granted APF retroactive relief from the automatic stay.

## DISCUSSION

I. Legal Standards

    A.    Bankruptcy Appeal

District courts review a bankruptcy court's conclusions of law de novo and its findings of fact for clear error. Baker v. Simpson, 613 F.3d 346, 349 n.3 (2d Cir. 2010).

A decision to lift the automatic stay is reviewed for abuse of discretion. Sonnax, 907 F.2d 1280, 1286 (2d Cir. 1990). Although the Second Circuit has not addressed what standard of review applies to a decision retroactively to annul the automatic stay, other courts generally apply an abuse of discretion standard in that context as well. See, e.g., MarketXT, 428 B.R. 579, 585 (S.D.N.Y. 2010); In re Myers, 491 F.3d 120, 128 (3d Cir. 2007). Accordingly, the Court will review the Bankruptcy Court's decision for abuse of discretion.

B.     Rule 9011 Sanctions

Bankruptcy Rule 9011 parallels Federal Rule of Civil Procedure 11, and the application of Bankruptcy Rule 9011 "is informed by Rule 11 jurisprudence." In re Cohoes Indus. Terminal, Inc., 931 F.2d 222, 227 (2d Cir. 1991).

Courts have broad discretion in determining whether to impose sanctions under Rule 11 or Bankruptcy Rule 9011. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 407 (1990). "In deciding whether the signer of a pleading, motion, or other paper has crossed the line between zealous advocacy and plain pettifoggery, the court applies an objective standard of reasonableness." United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1344 (2d Cir.1991) (citing Bus. Guides, Inc. v. Chromatic Commc'ns, 498 U.S. 533, 549–50 (1991)).

II.    Retroactive Annulment of the Automatic Stay

The Bankruptcy Court did not abuse its discretion in granting APF limited relief from the automatic stay. Rather, it applied the appropriate standards to the facts before it to reach an equitable result.

Section 362 of the Bankruptcy Code provides in pertinent part that a bankruptcy petition "operates as a stay, applicable to all entities," of (i) the commencement or continuation of judicial proceedings against the debtor, and (ii) the enforcement, against the debtor or against property of the debtor's estate, of a judgment obtained before the commencement of the debtor's bankruptcy proceeding. See 11 U.S.C. § 362(a)(1), (2).

Chittur PC commenced its bankruptcy proceeding on May 24, 2016. Thus, the stay was in effect on June 2, 2016, when the Appellate Division denied Chittur PC's motion for leave to appeal the L&T Judgment. The Appellate Division's order, therefore, violated the stay and was void.

However, Section 362(d) of the Bankruptcy Code permits a court, upon the request of a party and after notice and a hearing, to "grant relief from the stay . . . , such as by terminating, annulling, modifying, or conditioning such stay . . . for cause." 11 U.S.C. § 362(d). "An order 'terminating' an automatic stay operates only from the date of entry of the order." E. Refractories Co. Inc. v. Forty Eight Insulations Inc., 157 F.3d 169, 172 (2d Cir. 1998). An order "annulling" a stay, by contrast, has retroactive effect "and thereby reaches back in time to validate proceedings or actions that would otherwise be deemed void ab initio." Id.

The burden of proof on a motion to lift or modify the automatic stay initially rests with the movant. 11 U.S.C. § 362(d)(1); Sonnax, 907 F.2d at 1285. Section 362(g) then shifts the burden of proof to the party opposing relief for all issues other than "the debtor's equity in property." 11 U.S.C. § 362(g)(1); Sonnax, 907 F.2d at 1285.

Here, the Bankruptcy Court properly concluded APF had an interest in the undertaking that was entitled to adequate protection. The purpose of the undertaking was to secure a money judgment in favor of a specific party—APF—in case Chittur PC exhausted its appeal without obtaining a reversal of the underlying judgment or other relief. Moreover, the undertaking was made pursuant to a scheme established by the CPLR. Accordingly, the Bankruptcy Court correctly concluded that Section 9-312(b)(3) of the UCC relating to perfecting a security interest in cash, did not apply to APF's interest in the funds. See N.Y. UCC § 9-109(c)(2) ("This article does not apply to the extent that . . . another statute of this State expressly governs the creation, perfection, priority, or enforcement of a security interest created by this State or a governmental unit of this State.").

Next, the Bankruptcy Court properly considered the relevant factors set forth in MarketXT, 428 B.R. 585–89 and Sonnax, 907 F.2d 1285–88. The non-exhaustive list of factors

9

that courts in this circuit consider in determining whether to grant retroactive relief from the automatic stay are:

> (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position on the basis of the action taken.

MarketXT, 428 B.R. at 587 (quoting In re Stockwell, 262 B.R. 275, 281 (Bankr. D. Vt. 2001)). Consideration of the fifth MarketXT factor, in turn, requires an examination of the twelve factors identified by the Second Circuit in Sonnax. See MarketXT, 428 B.R. at 588. These factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

Sonnax, 907 F.2d at 1286.

As noted by the MarketXT court, both the Third and Ninth Circuits have concluded that balancing the equities is the appropriate test for determining whether to retroactively lift the automatic stay. See 428 B.R. at 587 (quoting In re Myers, 491 F.3d at 129 ("Even those cases that have subscribed to a narrow conception of the power to retroactively annul the stay have affirmed that balancing the equities is the appropriate test.") and In re Williams, 323 B.R. 691, 700 (B.A.P. 9th Cir. 2005), aff'd, 204 F. App'x 582 (9th Cir. 2006) abrogated on other grounds

10

by In re Perl, 811 F.3d 1120 (9th Cir. 2016) (The Ninth Circuit has "adopted a balancing of equities approach for analyzing a request for retroactive stay relief" and that "[i]n any given case, one factor may so outweigh the others as to be dispositive.")).

Here, the Bankruptcy Court was correct to look to the MarketXT and Sonnax factors to guide its equitable analysis and to base its decision on those factors that were relevant to APF's motion to retroactively annul the stay. The Bankruptcy Court's factual findings and legal conclusions—that APF failed to establish Chittur PC had acted in bad faith; Chittur PC only had a contingent reversionary interest in the undertaking that would be extinguished if the Bankruptcy Court granted retroactive stay relief; the undertaking was not necessary for an effective reorganization; the Bankruptcy Court would have granted a lift stay motion had APF filed it before the Appellate Division ruled since the appeal was fully briefed and the Appellate Division was about to issue a decision; and the failure to annul the stay would cause unnecessary expense to the creditor—were not clearly erroneous or an abuse of discretion.

Moreover, Chittur PC's contention that APF should be judicially estopped from arguing the undertaking is not property of the bankruptcy estate is plainly incorrect.

Judicial estoppel may be established if (i) "a party's later position is clearly inconsistent with its earlier position;" (ii) "the party's former position has been adopted in some way by the court in the earlier proceeding;" and (iii) "the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." In re Adelphia Recovery Tr., 634 F.3d 678, 697–98 (2d Cir. 2011) (internal quotation marks omitted). "The third requirement is sometimes couched in terms of 'unfair detriment [to] the opposing party' rather than advantage to the party to be estopped." Id. (quoting New Hamphire v. Maine, 532 U.S. 742, 751 (2001)). The Second Circuit further limits "judicial estoppel to situations where the risk of inconsistent results with its

11

impact on judicial integrity is certain." In re Adelphia Recovery Tr., 634 F.3d at 696 (quoting DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010)).

Chittur PC contends that in the Guarantee Proceeding, APF argued the undertaking was Chittur PC's property and if Chittur PC filed for bankruptcy, the undertaking would become part of Chittur PC's bankruptcy estate. APF apparently objected to Mr. Chittur's being granted a setoff for the funds on deposit with the New York Department of Finance and obtained a judgment against Mr. Chittur for $246,529.30.

Having thoroughly reviewed the record, the Court finds there is no basis for concluding APF should be estopped from advancing the positions it has taken in the instant action. In affirming the order granting summary judgment, the Appellate Division held that the "lease and guarantee are two separate contracts, and the holdover proceeding under the terms of the lease did not extinguish APF's claims under the guarantee." APF 286 MAD LLC v. Chittur & Assocs. P.C., 132 A.D.3d 610 (1st Dep't 2015), leave to appeal dismissed, 27 N.Y.3d 952 (2016). The Appellate Division further concluded "[a]s the guarantee plainly states that it is an unconditional guarantee of payment, APF was not obligated to wait and attempt to receive payment from [Chittur PC], and APF was entitled to proceed directly against [Mr.] Chittur." Id. Accordingly, the basis for the Guarantee Judgment was Mr. Chittur's independent contractual obligation under the guarantee, not any representation that APF may or may not have made regarding Chittur PC's interest in the undertaking. The Court thus rejects Chittur PC's judicial estoppel argument because Chittur PC has failed to establish that any prior court relied on a position taken by APF that is inconsistent with APF's positions in this proceeding.[1]

---

[1] The Court notes there are multiple other grounds on which it could easily conclude Chittur PC's judicial estoppel argument fails. For example, upon filing for bankruptcy, the Bankruptcy Court did conclude Chittur PC's contingent reversionary interest in the undertaking

12

Accordingly, the Court concludes the Bankruptcy Court did not abuse its discretion in granting APF retroactive annulment of the automatic stay to validate the Appellate Division's order in the L&T Proceeding and to permit APF to collect Chittur PC's undertaking on deposit with the Department of Finance. The Court has considered Chittur PC's remaining contentions and finds them to be without merit.

III. Cross-Motions for Sanctions

Sanctions under Bankruptcy Rule 9011 may be imposed based on deficiencies in a litigant's pleadings and other submissions to the Court. Sanctions are appropriate when (i) filings are used for an improper purpose; (ii) the claims, defenses, and legal contentions are not warranted by existing law; (iii) factual contentions lack evidentiary support; or (iv) denials of factual contentions are not warranted by the evidence. Fed. R. Bankr. P. 9011.

To impose Rule 9011 sanctions, a court must find an attorney "has submitted a claim that has no chance of success under existing precedents and that fails to advance a 'reasonable argument to extend, modify or reverse the law as it stands.'" In re Cohoes Indus. Terminal, Inc., 931 F.2d at 227 (quoting Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir. 1990)).

APF contends Chittur PC filed its appeal of the Bankruptcy Court's orders based on frivolous legal arguments and relying on misstatements of fact that lack any evidentiary support.

---

was property of the debtor's estate. APF was therefore not able to seek a court order for the release of the undertaking until it first obtained leave from the Bankruptcy Court. In other words, the scenario APF indicated it was concerned about in the Guarantee Proceeding—a bankruptcy filing by Chittur PC that would interfere with APF's ability to collect the undertaking—did in fact come to fruition. Chittur PC has thus failed to establish APF has attained any "unfair advantage" against Chittur PC, or that Chittur PC has suffered any "unfair detriment."

Similarly, Chittur PC argues counsel for APF opposed Chittur PC's appeal by relying on several factual assertions that were willfully false and various legal contentions that were contrary to controlling law.

After a thorough review of the record, the Court has rejected Chittur PC's arguments and affirmed the orders of the Bankruptcy Court. The Court has largely agreed with APF and observes that Chittur PC's submissions have not rested on particularly strong precedent or arguments. Nonetheless, the Court declines to conclude that Chittur PC's arguments were objectively unreasonable and will not impose sanctions against Chittur PC in this matter. The Court also declines to impose sanctions against APF.

## CONCLUSION

The Bankruptcy Court's order of September 19, 2016, granting retroactive relief from the automatic stay, and its order of October 4, 2016, denying Chittur PC's motion for reargument, are AFFIRMED.

The parties' cross-motions for sanctions are DENIED.

The Clerk is instructed to terminate the pending motions (Docs. ##28, 29) and close this case.

Dated: October 16, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge